UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Christian L. Hogg,

      Plaintiff,   Case No. 25-10135

v.           Judith E. Levy
            United States District Judge
Kramer, *et al.*,

            Mag. Judge David R. Grand
      Defendants.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

  This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Christian L. Hogg is a state inmate at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He sues six individually named employees of the Michigan Department of Corrections ("MDOC"): Correctional Officer Kramer, Correctional Officer Ellis, Grievance Coordinator Cobb, Kim Cargor, Richard D. Russell, and Correctional Officer Quigg. (ECF No. 1, PageID.2–4.) For the reasons set forth below, the complaint is summarily dismissed.

I.  **Legal Standard**

The Prison Litigation Reform Act ("PLRA"), authorizes the Court to dismiss a prisoner's complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law "when 'indisputably meritless' legal theories underlie the complaint." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327–28).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and internal citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff is pro se, the Court will construe his pleadings liberally. "Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal citations and quotation marks omitted)).

## II. Background

The complaint asserts that in May 2024, Defendants Kramer and Ellis, two corrections officers, "threatened and questioned" Plaintiff because they wanted information about another prisoner, Griggs. (ECF No. 1, PageID.14.) Hogg claims that Kramer and Ellis harassed and threatened him after he failed to provide the information. Plaintiff asserts that Defendant Quigg, another corrections officer, witnessed the incident but failed to intervene. (ECF No. 1, PageID.14–16.)

Hogg filed grievances regarding the conduct of these officers, but he claims that Defendant Cobb, the grievance coordinator, failed to adequately respond to his complaint. (*Id*. at PageID.16, 19.) Hogg claims

3

that Defendant Warden Cargor and Defendant MDOC Grievance Manager Russell thereafter failed to adequately respond to his grievances. (*Id.* at PageID.17, 19–20.)

Hogg sues all six Defendants solely in their official capacities. (*Id.* at PageID.2–4.) Hogg alleges that Kramer and Ellis violated his Fourteenth Amendment right to be treated the same as similarly situated prisoners, violated his First Amendment right to file grievances without being harassed, and violated his Eighth Amendment right to be free from being put in harm's way. (*Id.* at PageID.5–6.) Hogg claims that Cobb, Cargor, and Russell violated his First Amendment right to file grievances. (*Id.* at PageID.6.) Finally, Hogg claims that Quigg violated his Fourteenth Amendment right by failing to intervene when he witnessed Kramer and Ellis' actions. (*Id.* at PageID.7.)

Hogg seeks to have Defendants "held accountable" and seeks compensation for his psychological, mental, and emotional suffering. (*Id.* PageID.22–23.)

### III. Analysis

Hogg sues Defendants solely in their official capacities. (*Id.* at PageID.2–4.) Further, Hogg's complaint clearly sets forth a demand for

4

damages. (*Id.* at PageID.22–23 ("I would also find relief in being compensated for my psychological, mental, and emotional suffering").)[1]

A suit for damages brought against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity, which "is no different from a suit against the State itself." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). States and their departments, however, are immune under the Eleventh Amendment

---

[1] Plaintiff includes in his complaint another request for relief:

> I would like the court to aid me in holding the defendants accountable for the actions described within this complaint. The Michigan Department of Corrections Handbook has specific consequences in place for violations of MDOC Correctional Officers and staff as much do the Constitution of the U.S. So whether it be in the form of such consequences of such violations or equally in degree an alternative we all can agree upon, I would have relief.

(ECF No. 1, PageID.22.) To the extent Plaintiff intended to request injunctive relief in the form of disciplining Defendants, the Court must dismiss that request. "[T]he Eleventh Amendment forbids injunction suits against state officials, unless brought for prospective relief preventing their interference with a federal right." 11A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2942 (3d ed. 2025); *see also Ex parte Young*, 209 U.S. 123, 159 (1908). A Court order that MDOC discipline their own employees would exceed the scope of an injunction permitted by the Eleventh Amendment and, perhaps, the Court's own authority. *See Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972) (describing "ordinary principles of equity" as requiring the right to an injunction be clear and the injunction be absolutely necessary to prevent injury (quoting 3 Barron & Holtzoff, Federal Practice and Procedure (Wright Ed.) § 1431)).

from damages suits in federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984). "Congress has not abrogated Michigan's immunity to suit under § 1983 claims." *Kerchen v. Univ. of Michigan*, 100 F.4th 751, 761 (6th Cir. 2024) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Further, the State of Michigan has not consented to civil rights suits in federal court. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013). Therefore, Hogg's claims for damages against Defendants in their official capacities must be dismissed because they are immune from suit.

## IV. Conclusion

For the reasons set forth above, the complaint is DISMISSED. The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: September 12, 2025  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
